In the United States Sixth District Court for the

Southern district eastern division of Ohio

```
SCANNED AT CCI and E-Mailed
to USDC OHSD on 6/2
202?by [signature]
No. of Pgs. 33
```

Mr. Odis Hughes Jr. # 698-661

Chillicothe Correctional Inst

*Post Office Box 5500*

*Chillicothe Ohio 45601*

                    Plaintiff,

     -V-

Mr. Mark Herr #41528

6700 Monroe

Sylvania, Ohio 43560 (419) 885-8920

                         Defendant,

       -V-

Judge James D. Bates #9776

Lucas County Common pleas

3718 River Rd.

Toledo, Ohio 43614 (419) 385-2960

                         Defendant,

      -V-

Daniel Arnold # 81024

400 Conant Street

Maumee, Ohio 43537   (419)897-7180

                    Defendant.

*Case Number;*  2:25-cv-644 _____

*Magistrate Judge;* _____

*Judge;* _____

JUDGE SARGUS

MAGISTRATE JUDGE JOLSON

Joseph V. McNamara
700 Adams Street
Toledo, Ohio 43604-5634
(419)213-4578

---

This is the timely Complaint of Mr. Odis Hughes Jr. acting in pro se, requesting this court to grant

him not only a declaratory judgment and injunctive relief against the named defendants but,

Plaintiff is also requesting prospective equitable relief against each named defendant for civil rights
violations pursuant to Federal statute 42 U.S.C. 1981 1983, 1985, and 1986.

---

Respectfully Submitted By

Odis Hughes, Jr.

## PREFACE CONCERNING JURISDICTIONAL MATTER

Now comes the Plaintiff Mr. Odis Hughes Jr. acting in Pro se, and respectfully submitting that;

In the case of **Williams-V-State Dep't of human services**, 1995 Ohio App. Lexis 5470 (10th dist. at **HN4**) that court clearly stated that;" Generally, Ohio's courts of common pleas have original Jurisdiction over civil actions commenced against counties and their agencies. Counties are not the State but, rather, are political subdivisions and fall outside the Ohio legislature's statutory waiver of "state immunity and the Court of claims jurisdiction. See **Barr-V-Stark Cty Bd of Commrs,** (1986) 23 Ohio St.3d 69, 491 NE.2d 1101.

## EXAMPLE

In a civil action captioned "wrongful adoption" which alleged that adoptive parents were fraudulently Misled to their detriment by an adoption agency's material misrepresentation of facts concerning an Infant's background and condition, the parents must prove each element of the tort of fraud as will be the case here as well.

## ELEMENTS OF FRAUD ARE;

(a)  A representation or where there is a duty to disclose, concealment of a fact,

(b)  which is material to the transaction at hand,

(c)  made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred,

(d)  with the intent of misleading another into relying upon it

(e)  justifiable reliance upon the representation or concealment, and

(f)  a resulting injury approximately caused by the reliance. See **Cohen-V-Lamko, Inc** [1984] 10 Ohio

St.3d 167, Followed by **Bailey-V-Ohio dep't of developmental disabilities,** 2024-Ohio-1696 (10th

dist.) at **HN4** Citing R.C. 2743.01 Stating that; For purpose of R.C. Chapter 2743 "state' is defined

as "the State of Ohio, including, but not limited to, the general assembly, the Supreme Court,

the offices of all elected officers, and all departments, Boards, offices, commissions, agencies,

(g)  institutions, and other instrumentalities of the state "R.C. 2743.01 (a) the definition of State

expressly excludes "political subdivisions "which are defined as "Municipal corporations,

Counties, School districts, and all other bodies corporate and politic responsible for

governmental activities only in geographic areas smaller than that of the state to which the

sovereign immunity of the state attaches" (emphasis added).

## ON THE IMMUNITY ISSUE OF DEFENDANTS

In determining immunity, the Federal Courts as ultimate protectors of constitutional rights

examine "the nature of the function performed, not the identity of the actor who performed it."

**Forrester v. White, 484 U.S. 219, 229, 98 L. Ed. 2d 555, 108 S. Ct. 538 (1988).** The Court concluded that

the employer's decisions were not judicial acts for which he was absolutely immune from liability

because he was acting in an administrative, as opposed to a judicial, capacity. As is the case at bar here,

the defendants were acting in an **administrative capacity** once the Plaintiff entered a plea of **no contest**

and should have **properly administrated the law** and sentenced him under the sentencing scheme of

1984 for the statute violation of 1984, thereby Knowingly placing the Plaintiff under an Ex Post Facto

Obligation from an Ex Post Facto State of Ohio law. Legislature did not intend to create an ex post facto

law, nor did the Ohio Supreme Court intend to create an ex post facto law when it changed the

sentencing guidelines, thus plaintiff has a one of a kind complaint and should be awarded relief against

the defendants who conspired against his rights once they found that the sentence was in violation of

his rights upon appellate review.

The nature of the function conducted by the defendants violated their oath to the United States Constitution contemporaneously denying the Plaintiffs constitutional rights to due process and equal protection of the laws, and upon request of the Plaintiff for them to correct it if it was just a mistake on their part was ignored initiating the outward evidence of an intentional violation of the Plaintiffs rights, Whereby, Prospective equitable relief is actionable due to declaratory relief not being available.  R.C. 2743.01 (B) creates the liability of counties as political subdivisions which are specifically excluded from the definition of "state" pursuant to R.C. 2743.01 (B). See **Estate of Fleenor-V-Ottawa Cty,** 170 Ohio St.3d 38, 2022-Ohio-3581, 8, 208 N.E.3d 783, citing **State ex rel. Alexander-V-Summit Cty,** 4 Ohio N.P. (n.s.) 481, 17 Ohio Dec. 451, 1906 Ohio misc. Lexis 145 (Sept 17, 1906) ('Ohio counties are political subdivisions of the state that facilitates the state's operations') Although many social programs operate under state or federal oversight and financing, they still remain local governmental operations of the political subdivision. The local agencies and county commissioners are not agents of the state absent statutory language to the effect. First, in that case Mr. Petroff and Treneff contended that Plaintiff Baker's conspiracy claim was inadequate because they are not state actors. "However, Private persons jointly engaged with state Official in a deprivation of civil rights are acting under color of law for purpose of a 1983; See **Wilkerson-V-Warner,** 545 Fed. Appx, 413, 421 (6th Cir. 2013) (quoting **Hooks,** 771 F.2d at 943).

Therefore, as private persons who allegedly conspired with a judge, Petroff and Treneff can still be liable for a civil conspiracy if Plaintiff Baker adequately states a claim under hooks, as discussed Supra.

A plaintiff fails to state an adequate claim when his allegations are premised upon mere conclusions and opinions. **Coker-V-Summit Cnty. Sheriff's dep't**. 90 Fed App'x 782, 789 (6th cir 2003) (citing **Morgan-V-Church's Fried Chicken,** 829 F.2d 10, 12 (6th Cir 1987) "A plaintiff must make sufficient factual allegations to link two alleged conspirators in the conspiracy and to establish the requite "meeting of the minds essential to the existence of the conspiracy. Id. (citing **McDowell-V-Jones** 990 F.2d 433, 434 (8th Cir

1993) there the Plaintiff Baker makes one conclusory allegation that judge Gill, Treneff, and Petroff conspired to deny him meaningful access to the courts and due process of law. Without alleging any facts that suggest a civil conspiracy claim under hooks. Plaintiff baker failed to adequately plead a conspiracy claim against Petroff and Treneff. ("a denial-of-access claim, Plaintiff must have an arguable, no frivolous underlying cause of action') Plaintiff baker in that case did not allege any underlying cause of action related to his denial of meaningful access claim against Daulton. Here in the case at bar, Plaintiff Hughes has such a non-frivolous cause of action, and will ultimately prove it within his arguments that defendants acted with malicious, wanton, intent to cause injuries to the plaintiff. However, This Is not a malicious prosecution complaint and should not be construed as such by the court.

### MEMORANDUM IN SUPPORT

As an initial matter the Plaintiff herein asserts that the evidence presented herein will clearly and convincingly show a violation of R.C. 2923.32 that amounted in a violation of Plaintiffs U.S. Constitutional right in the 14th Amendment occurred starting on January 14, 2014 and, throughout the Plaintiff's Criminal and Appellate process, and was committed by the court official which is still injuring Plaintiff to this day, who while acting under the color of state law deliberately deprived Plaintiff of both his civil and constitutional rights to meaningful access to the courts, the right to fully and fairly petition the government for redress of injuries caused by them to conceal relevant Statutory information and misconduct during a plea deal which violated various statutory mandates with the purpose of selling the Plaintiff to the Ohio Department of Corrections for Federal funds. The defendants also denied Plaintiff equal protection of the laws as warranted in the U.S. Federal Constitution by not sentencing him to the same time as other Ohio citizens when they committed the same infraction in 1984 under the Ohio Revised code statute in 1984, which would have resulted in Plaintiff being released after **Eight Years** of incarceration.

Here the Plaintiff completely understands that in order to prove liability under this section 2923.32 (A)(1) Ohio racketeer influence and corrupt organization act. A plaintiff must establish (1) that the conduct of the defendants involved the commission of two or more specially prohibited state or federal criminal offenses; (2) that the prohibited criminal conduct of the defendants constitutes a pattern; and (3) that the defendants has participated in the affairs of an enterprise or has acquired\and maintained an interest in or control of an enterprise considering that the Ohio racketeer influence and corrupt activity requires only that the enterprise as a whole profited more than $500.00 the prohibited amount also focus on the groups success "not that of each individual. The Ohio Prison system is an enterprise and probable Ohio's second leading grossing economic income behind agriculture,

Convictions under 2923.32 for engaging in pattern of corrupt activities has multiple degrees of seriousness, and depending on the seriousness of the incident of corrupt activity, it can be either a first or second degree felony.

Plaintiff respectfully asserts that the legislature intended for the Ohio racketeer influence and corrupt organization (RICO) statute to impose the greatest level of accountability for organized criminal activity, and thus, the Phase "incidents of corrupt activity" as used in Ohio's Rico statute refers to the enterprise as a whole; Therefore, a defendant or defendant's may be convicted of a first degree felony if one of the enterprise's incidents of corrupt activity constituted a felony of the first second, or third degree. See **State-V-Bondurant,** 2012-Ohio-4912. These are merely Ohio statutes, Plaintiff now inserts Federal laws

## 18 U.S.C. § 1962. PROHIBITED ACTIVITIES

(a) It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code [18 USCS § 2], to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in

acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce. A purchase of securities on the open market for purposes of investment, and without the intention of controlling or participating in the control of the issuer, or of assisting another to do so, shall not be unlawful under this subsection if the securities of the issuer held by the purchaser, the members of his immediate family, and his or their accomplices in any pattern or racketeering activity or the collection of an unlawful debt after such purchase do not amount in the aggregate to one percent of the outstanding securities of any one class, and do not confer, either in law or in fact, the power to elect one or more directors of the issuer.

(b) It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

(c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

(d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

### THE FOLLOWING ARE UNDERLYING CRIMES COMMITTED BY THE DEFENDANT'S

(1) interfering with civil rights under R.C. 2921.45 (A) stating that; "No public servant, under color of the public servant's office, employment, or authority, shall knowingly deprive, or conspire or attempt to deprive any person of a constitutional or statutory right. Also see U.S.C. 1985 (2)(3)

(2) Using sham legal process R.C. 2921.52 (B)(2) "No person shall, knowingly use a sham legal process to arrest, detain, search, or seize any person or the property of Another person. See 18 U.S.C. 1589 (a)(1)(2) and (3) and Ohio's R.C. 2905.32.

(3) Intimidation of a victim or witness in criminal cases under 2921.04 (B)

## FACT

**State v. Perez,** 2023-Ohio-83 (8TH dist. At **HN1**) states that; Plea bargains are contractual in nature and subject to contract law standards. Accordingly, a plea agreement has the same elements of other contracts, i.e., offer, acceptance, the capacity to contract, consideration, and a manifestation of mutual assent. There must be a meeting of the minds in order to enforce the contract. The terms of a plea agreement must therefore be explicit.

In **State-V-Reed,** 162 Ohio St.3d 554 at **HN10**) the Ohio Supreme Court stated that; Judges have no inherent power to create sentences. Rather, judges are duty bound to apply sentencing laws as they are written. Also see **State-V-Patrick,** 164 Ohio St.3d 309 (2020 at **HN8**) stating that; R.C. 2953.08(A)(4) provides that a defendant may appeal a felony sentence on the basis that the sentence is contrary to law.

In **State-V-Townsend**, 163 Ohio St.3d 36 at **HN4 –HN6** it States;" Ex Post Facto Clause, Application & Interpretation

"Of central concern in an Ex Post Facto Clause analysis is whether the defendant had fair warning and therefore notice of the change in the law. The Ex Post Facto Clause requires the government to abide by the rules of law it establishes to govern the circumstances under which it can deprive a person of his or her liberty or life. **HN5** Ex Post Facto Clause, Application & Interpretation Changes in sentencing laws implicate the Ex Post Facto Clause. A retrospective increase in the sentencing guidelines range applicable to a defendant creates a sufficient risk of a higher sentence to constitute an ex post facto violation. The Supreme Court of the United

States has invalidated on Ex Post Facto grounds a sentencing scheme that might have caused a defendant to receive a sentence greater than the sentence he would have received under the sentencing scheme in place when he committed his crimes.

**HN6** It is the effect, not the form of a law that determines whether it is ex post facto. Legislative labels do not immunize laws from scrutiny under the Ex Post Facto Clause. See **State-V-Thomas,** 148 Ohio St.3d 248 citing R.C. 1.58 (B) stating that; HN2 Legislation, Interpretation R.C. 1.58(B) provides that if a statutory amendment reduces the punishment for an offense, the punishment, if not already imposed, shall be imposed according to the statute as amended. R.C. 1.52(A) provides that when statutes are irreconcilable, the later enactment prevails.

## STATEMENT OF THE CASE AND FACTS AT ISSUE

On January 14, 2014, pursuant to a negotiated plea agreement, appellant pled no contest to one count of robbery, in violation of R.C. 2911.02, a felony of the second degree, as reduced from aggravated robbery, and one count of felonious assault, in violation of R.C. 2903.11, a felony of the second degree. In exchange, the remaining count of attempted murder was dismissed.

On February 25, 2014, appellant was sentenced to a term of incarceration of three-years to fifteen years on each of the two convictions, with the sentences ordered to be served concurrently. No direct appeal was filed.

On August 17, 2020, six and one-half years after appellant was sentenced, appellant filed a post-conviction sentencing motion. It was denied. No direct appeal was filed.

**Claim #1.)** Plaintiff Hughes Was entitled by Established Ohio law to have received a definite prison term and not a (3) to (15) indefinite prison term which makes the plea deal void, conceived in fraud and not entered knowingly intelligently or voluntarily under either state or federal constitutional law. Plaintiff asserts that according to 42 USCS 1981, part 1 of 40 Equal rights under the law section, it clearly states that;

All persons within the jurisdiction of the United States shall have the same
Rights in every state and territory to make and enforce contracts, to sue
By parties, give evidence, and to the full and equal benefit of all laws and
Proceedings for the security of persons and property as is enjoyed by white
Citizens, and shall be subject to like punishment, pains, penalties, enforce
(b) Make and enforce contracts Defined, for purpose of this section, the Term make
contracts" includes the making, performance Modification, and termination of contracts, and
the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

**Claim #2.)** Plaintiff Hughes Was entitled by Established Federal Constitutional law to have received a

prison term that other violators of the statute in 1984 received under Ex Post Facto law obligation to a

(3) to (15) indefinite prison term whereby he would have received 8 months and 15 days per year, which

makes the plea deal void, conceived in fraud and not entered knowingly intelligently or voluntarily

under either state or federal constitutional law due to him pleading no contest and placing obligation of

competent jurisprudence upon the trial court and State of Ohio' counsel. Plaintiff asserts that according

to 42 USCS 1983, clearly states that;

Every person who, under color of any statute, ordinance, regulation, custom, or usage,
of any State or Territory or the District of Columbia, subjects, or causes to be subjected,
any citizen of the United States or other person within the jurisdiction thereof to the
deprivation of any rights, privileges, or immunities secured by the Constitution and laws,
shall be liable to the party injured in an action at law, suit in equity, or other proper
proceeding for redress, except that in any action brought against a judicial officer for an
act or omission taken in such officer's judicial capacity, injunctive relief shall not be
granted unless a declaratory decree was violated or declaratory relief was unavailable.
For the purposes of this section, any Act of Congress applicable exclusively to the
District of Columbia shall be considered to be a statute of the District of Columbia.

## CLAIM NUMBER ONE

In the case of **State-V-Padilla,** 2012-Ohio-5892 (8th dist.) that court stated relevant to these

current claims that; "Under appropriate circumstances, a constitutional right to enforcement of plea

proposals may arise before any technical "contract" has been formed, and on the basis alone of

expectations reasonably formed in reliance upon the honor of the government in making and abiding by

its proposals. Two distinct sources of constitutional rights are involved: most obviously and directly, the

right to fundamental fairness embraced within substantive due process guarantees; less directly perhaps, but nonetheless importantly, the Sixth Amendment right to effective assistance of counsel. However, a constitutional right to enforce a proposed plea agreement is not the only remedy. The enforcement of the agreement is an available remedy, but so is withdrawal of the plea, or trial. The appropriate remedy is left to the sound discretion of the trial court. Therefore, the trial court's decision on the appropriate remedy must be reviewed for an abuse of discretion. To constitute an abuse of discretion, the ruling must be unreasonable, arbitrary, or unconscionable.

A plea agreement not set forth on the record at a change of plea hearing is not enforceable by the defendant because of the executory nature of any acceptance of the State's offer. Before a plea agreement is set forth on the record and accepted by the defendant and the trial court, it remains a wholly executory contract, and the defendant is not bound by any acceptance of the offer until a plea is entered because the plea must be voluntary. Crim.R. 11(C)(2)(a). As an executory agreement, specific performance is available only when the defendant has shown detrimental reliance — that a detrimental change in position has occurred in reliance upon the agreement.

A plea "bargain" standing alone is without constitutional significance because it is a mere executory agreement which, until embodied in the judgment of a court, does not deprive an accused of liberty or any other constitutionally protected interest. It is the ensuing guilty plea that implicates the Constitution. A prosecuting attorney may withdraw from a proposed plea agreement at any time before the actual entry of a guilty plea by a defendant or any other change of position by the defendant resulting in prejudice to him because of reliance upon the agreement. Yet Plaintiff Hughes has been DENIED His civil and constitutional rights to do so because defendants herein have deliberately blocked said rights to correct a clear miscarriage of justice because of financially ramifications associated with correcting the illegally imposed sentence.

## CLAIM NUMBER TWO

An Ex Post Facto Clause analysis is whether the defendant had fair warning and therefore notice of the change in the law. Here in the case at bar the Plaintiff had not that constitutional protection due to the way the court sentenced him. Common law requires that a person subject to a jurisdiction must have fair warning what penalty or benefit would come by entering into the contract of the statute the person entered into due to specified conduct delineated in the statute. The Ex Post Facto Clause requires the government to abide by the rules of law it establishes to govern the circumstances under which it can deprive a person of his or her liberty or life for the time frame of which the contract was initiated. A statute is a contract in the form that once a specific performance is done then the reward in the contract is activated either a debt or a credit, and a criminal statute effects a debt upon the subscriber. The debt at the time of 1984 had a provision that allowed the criminal debtor to have his debt consolidated through a reward based scheme allowing the offender to only owe a little over %70 of what he owed in aggregate amount which would have allowed the petitioner to be released years ago if the equal protection of the law was afforded to him.

### Ex Post Facto Clause, Application & Interpretation Changes

Sentencing laws implicate the Ex Post Facto Clause when a defendant is sentenced under a **Newly Created Obligation** that was not in effect at the time the infraction occurred. Respectively, it would be the same as if one was indicted for a murder in 1945, he would be under the obligation of 1945 if the sentence was only 20 years under Ohio law at that time, he would not be able to be hit with a life tail because that was not the obligation for violation of the statute of 1945. A retrospective increase in the sentencing guidelines range applicable to a defendant creates a sufficient risk of a higher sentence to constitute an ex post facto violation. The Supreme Court of the United States has invalidated on Ex Post Facto grounds a sentencing scheme that might have caused a defendant to receive a sentence greater than the sentence he would have received under the sentencing scheme in place when he committed

his crimes. Whereby Plaintiffs sentence violates **Miller v. Florida, 482 U.S. 423, 435-436, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987)** and his continued incarceration past the 8-year line due to his pre-existing and unceasing exemplary and extraordinary role model behavior and support to the institutional operations of the prison and peer support to the young men around him. It is the effect, not the form of a law that determines whether it is ex post facto. Legislative labels do not immunize laws from scrutiny under the Ex Post Facto Clause. The effect of the Ohio law that compels the Plaintiff to do 15 years when he should have received the benefit of other white men who committed the crime in 1984 creates both an equal access to the law violation and an equal protection of the law violation.

# **COMPLAINT**

In the name of the

State of Ohio

              )

Mr. Odis Hughes Jr.  ) SS;

              )

I **Mr. Odis Hughes Jr.,** after first having been duly sworn and cautioned as to the penalties for perjury as is required by both state and federal law hereby depose and aver that all the following information herein is true and that;

(1) I am the affiant who has firsthand knowledge of all the facts and statements being alleged,

(2) That I am mentally competent to testify to this information in the court of law, and

(3) That I have used due diligence in discovering these constitutional claims now before the court.

(4) And that the actions of the defendants have been on going (continuing violations of his rights)

(5) Had I known the law, and sentencing guidelines, and not had to rely solely upon the defendant's knowledge or in this case lack thereof, I would have insisted upon going to trial, and not have taken the plea deal which did not benefit me in the least.

On January 14, 2014 The Prosecutor, Mr. Mark Herr, and Plaintiff's defense counsel Mr. Daniel Arnold, conspired to deprive Plaintiff of his civil right under 42 U.S.C. § 1981, and 42 USCS § 1983 and Lucas county common pleas Judge James D. Bates who failed to prevent the conspiracy under 42 U.S.C. 1986 all conspired to deprive Plaintiff of his civil and constitutional rights by acts of fraudulent misrepresentation, leading Plaintiff into a **void contract** ,a sentence that was unauthorized by Federal Ex Post facto law and Established Ohio law which was a (3) to (15) year prison term without the benefit of 8 months and 15 days per year. There had to have been a meeting of the minds for three learned professional to have overlooked such obvious error, and sentencing mandate handed down by the Ohio Supreme Court to allow them to violate public policy and established Federal constitutional law in Article 1 § 9 and 10 of the United States Constitution.

42 U.S.C.S. § 1983. provides a remedy for violations of substantive rights created by the United States Constitution or federal statute. In order to state a claim under § 1983, it must be established that: (1) the conduct in controversy is committed by a person acting under color of state law, and (2) the conduct deprives plaintiff of a federal right, either constitutional or statutory. Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section,

any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia. Protection of Rights, Section 1983 Actions 42 U.S.C.S. § 1983 provides a remedy for violations of substantive rights created by the United States Constitution or federal statute. In order to state a claim under § 1983, it must be established that: (1) the conduct in controversy is committed by a person acting under color of state law, and (2) the conduct deprives plaintiff of a federal right, either constitutional or statutory.

To satisfy the under color of state law requirement, plaintiffs must show that the conduct complained of was taken pursuant to power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. The Equal Protection Clause of the Fourteenth Amendment prohibits only purposeful, class based, invidious discrimination. 42 U.S.C.S. § 1983 imposes liability only for violations of federally protected rights. A claim for malicious prosecution standing alone does not implicate federally protected rights. In order to state a claim under § 1983 for conduct in the nature of malicious prosecution, plaintiffs--father and daughter-- must show either that they are deprived of procedural due process rights, or that the conduct is so egregious as to violate substantive due process.

Here in the case at bar, all the defendants named herein are licensed attorney's and presumed to know the laws and sentencing guidelines, yet in the case at bar, neither legal counsel, nor the court, acknowledge to the Plaintiff herein that he was pleading to an unauthorized sentence. See **State v. Miller,** 2025-Ohio-991, (**HN8**) just as Judges are presumed to know the law and expected to consider only relevant material and competent evidence License attorneys are presumed to be competent. The courts in this case ignored the Ohio Supreme court mandate on sentencing, and committed not only Plain and prejudicial error but, breached its duty to protect the Plaintiffs civil and constitutional rights under the circumstances of the plea. In **State-V-Thomas,** 148 Ohio St.3d 248 the Ohio Supreme Court Stated that; "Our primary concern when construing statutes is legislative intent. **State ex rel. Savarese v.**

**Buckeye Local School Dist. Bd. of Edn.,** 74 Ohio St.3d 543, 545, 1996 Ohio 291, 660 N.E.2d 463 (1996). In

determining that intent, we first look to the plain language of the statute. **Summerville v. Forest Park,**

128 Ohio St.3d 221, 2010-Ohio-6280, 943 N.E.2d 522, ¶ 18, citing **Hubbell v. Xenia,** 115 Ohio St.3d 77,

2007-Ohio-4839, 873 N.E.2d 878, ¶ 11. But when legislative intent is unclear, we invoke statutory-

construction principles. **Cline v. Ohio Bur. of Motor Vehicles,** 61 Ohio St.3d 93, 97, 573 N.E.2d 77 (1991);

**State v. Taylor,** 100 Ohio St.3d 172, 2003-Ohio-5452, 797 N.E.2d 504, ¶ 17.

Before turning to the various sentencing statutes implicated here, we briefly set out two statutory

rules of construction that apply to all Ohio statutes, subject to conditions not applicable here, and that

guide our review. First, HN2 R.C. 1.58(B) provides that if a statutory amendment reduces the

punishment for an offense, the "punishment, if not already imposed, shall be imposed according to the

statute as amended." And R.C. 1.52(A) provides that when statutes are irreconcilable, the later

enactment prevails. We turn, then, to the sentencing statutes at issue.

Under the sentencing scheme in place in 1993 when Thomas committed the offenses, he was

subject to prison sentences ranging from 5 to 25 years to 10 to 25 years for each offense. Former R.C.

2929.11(B)(1)(a), 143 Ohio Laws, Part I, 1433. Pursuant to that scheme, the trial court sentenced him to

concurrent prison terms of 8 to 25 years, exclusive of the sentence for the gun specifications. Ohio's

felony-sentencing scheme has undergone significant changes since that time, however.

On July 1, 1996, Am.Sub.S.B. No. 2 ("S.B. 2"), 146 Ohio Laws, Part IV, 7136, took effect. The hallmark

of this enactment was truth in sentencing, which it accomplished by eliminating indefinite sentences

and replacing parole with post release control, which is a post-prison period during which the Adult

Parole Authority would supervise offenders and impose conditions designed to protect the community

and aid the offenders' successful reintegration into society. **Woods v. Telb,** 89 Ohio St.3d 504, 508, 2000

Ohio 171, 733 N.E.2d 1103 (2000). As a result, offenders served the definite sentence imposed, unless

the sentence was altered by the judge. Id. Under S.B. 2, the authorized prison sentence for a first-degree felony—like those Thomas was convicted of—was three, four, five, six, seven, eight, nine, or ten years. Former R.C. 2929.14(A)(1) 146 Ohio Laws, Part IV, 7464.

S.B. 2 also contained uncodified law—that is, provisions that are not laws of a general and permanent nature and thus do not receive permanent Ohio Revised Code section numbers. **Maynard v. Eaton Corp.,** 119 Ohio St.3d 443, 2008-Ohio-4542, 895 N.E.2d 145, ¶ 7, citing Ohio Legislative Service Commission, A Guidebook for Ohio Legislators 145 (10th Ed.2007-2008). The uncodified law found in Section 5 of S.B. 2, as amended by 1996 Section 3 of Am.Sub.S.B. No. 269 ("S.B. 269"),1Link to the text of the note 146 Ohio Laws, Part VI, 10752, 11099, provided:

The provisions of the Revised Code in existence prior to July 1, 1996, shall apply to a person upon whom a court imposed a term of imprisonment prior to that date and notwithstanding division (B) of section 1.58 of the Revised Code, to a person upon whom a court, on or after that date and in accordance with the law in existence prior to that date, imposes a term of imprisonment for an offense that was committed prior to that date. The provisions of the Revised Code in existence on and after July 1, 1996, apply to a person who commits an offense on or after that date. See **Evon-V-Walter,** 2021 Ohio-3475 11th dist.) defining Fraudulent misrepresentation as the presence of the as is clause does not dispose of the seller's duty to refrain from committing affirmative acts of fraudulent misrepresentation or fraudulent concealment. The elements of fraudulent misrepresentation are: (1) a representation, (2) material to the transaction at hand, (3) made falsely, either with knowledge of its falsity or with such utter disregard and recklessness as to its truth or falsity that knowledge may be inferred, (4) and made with the intent of misleading another into relying upon it; (5) justifiable reliance on the representation; and (6) injury proximately caused by the reliance. The elements of fraudulent concealment are essentially the same: (1) actual concealment of a material fact, (2) with knowledge of the fact concealed, (3) and with the intent to mislead another into relying upon it; (4) justifiable reliance on the

concealment; and (5) injury proximately caused by the reliance which clearly happened here in teh case at bar.

I am suing the defendants in thier official capacity, and this court has jurisdiction of this claim under 28 U.S.C. §1331, and 1343. I am not seeking damages from the defendants, I am seeking prospective equitable relief in the amount of $250,000.00 from each defendant, and declaratory relief that this court delcare my rights to not be charged for a crime and sentenced in violation of the Ex post Facto clause of the United States Constitution USCS Const. Art. I, § 9, Cl 3 "No Bill of Attainder or ex post facto Law shall be passed."

## CONCLUSION AND UNJURIES SUFFERED

Plaintiff is not seeking to change his sentnece or challenge the validity of it, I am merely seeking prospective equitable relief from the defendants for the integrity of the sentence is not challenged by the violation of rights due to conspiracy. Plaintiff has been subjected to a punishment which exceeded that which he was statutorily capable of receiving under Ohio Law, and in violation of the 8th Amnedment to the U.S. Constitution, and all the other before mentioned 14th Amendment and other violations mentioned above. Plaintiff herein, is seeking Declaratory relief, Injuctive relief, and prospective equitable relief in the form of no less than $250,000.00 (Two hundred and fifty thousand U.S. Dollars) from each defendant named herein, declaratory judgment and appointment of legal counsel due to the rare and complex nature of the litigation involved in this matter (its not every day someone is captured 30 to 40 years later and sentenced), and the fact that Plainitff is going up against defendants whose resources and experiance in law are unlimited.

Respectfully Submitted,

Swor to and subscribed in my presence on this 2nd day of June, 20 25

_____
Signature of Notary Public
My commission exp. 17 Apr 2030  Seal:

_____
Signature of the Affiant

(18)

Erinn M. Cottrill
Notary Public, State of Ohio
My Commission Expires:
April 17, 2030

## STATEMENT OF PAST FEDERAL CIVIL LITIGATION

1.) Hughes v. Shoop, 2023 U.S. Dist. LEXIS 194067, United States District Court for the Southern District of Ohio, Eastern Division, October 30, 2023, Decided; October 30, 2023, Filed Case No. 2:23-cv-411. Collateral civil attack by way of 28 U.S.C. §2254, challenging the validity of my criminal conviction and sentence.

**CERTIFICATE OF SERVICE**

This is to certify that a true copy of the foregoing civil complaint was sent to the named ~~defendants~~ *Clerk*

herein by regular United States Mail service on this 2ND day of June , 2025

Located at  85 Marconi Blvd Columbus, Ohio 43215

Respectfully Submitted by

*Odis Hughes, Jr.*

Plaintiff acting in Pro se,